**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ronald AVANT, Defendant–Appellant.**

No. 89–6223.

United States Court of Appeals, Sixth Circuit.

Submitted May 10, 1990.

Decided July 11, 1990.

**624**

W. Hickman Ewing, Jr., U.S. Atty., Timothy R. DiScenza, John Fowlkes, Asst. U.S. Attys., Office of the U.S. Atty., Memphis, Tenn., for plaintiff-appellee.

April R. Ferguson, Asst. F.P. Defender, Memphis, Tenn., for defendant-appellant.

Before MARTIN and GUY, Circuit Judges; and GILMORE, District Judge.*

BOYCE F. MARTIN, JR., Circuit Judge.

Ronald Avant appeals his sentence of ten years imprisonment and four years of supervised release following his conviction for possession of cocaine base, commonly known as crack cocaine, with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Avant argues that the distinction between "cocaine base" and "cocaine" in the statute is unconstitutionally vague and violates the constitutional prohibition of disproportionate sentencing. We reject these arguments and affirm the district court.

On the afternoon of January 24, 1989, two Memphis police officers were on a routine patrol when they saw Avant in front of a residence at 379 South Lauderdale in Memphis. Avant was leaning in the window of a 1978 Ford Mustang. There was another person in the car. Based on experience, the officers believed that Avant was involved in a drug transaction. They noted the license number of the car, and one officer walked up to Avant, who was holding a plastic bag. As the officer approached, Avant dropped the plastic bag and began to walk away. The officer stopped Avant and retrieved the plastic bag. The bag contained a substance that later proved to be 7.3 grams of crack cocaine, and the officers arrested Avant. The person inside the car, Ricky Coates, also dropped a plastic bag and tried to leave. The officers arrested Coates as well and recovered the second plastic bag, which turned out to contain 21 grams of simple cocaine.

Avant was indicted and entered a guilty plea on July 17, 1989. After a hearing on August 31, 1989, the district court found that the sentencing range was ten to fifteen years in prison. Avant received ten years with four years of supervised release.

Here the only issue is Avant's challenge to the constitutionality of the statute under which he was sentenced, the Anti–Drug Abuse Act of 1986, P.L. 99–570, 100 Stat. 3207. The Act mandates a substantially stiffer sentence for possession with intent to distribute cocaine base than for a similar amount of simple cocaine. *Compare* 21 U.S.C. § 841(b)(1)(B)(ii) *with* 21 U.S.C. § 841(b)(1)(B)(iii). Also, the Sentencing Guidelines provide that a single gram of cocaine base will be counted as 100 grams

---

* The Honorable Horace Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation.

of simple cocaine for the purpose of determining a sentence. *Sentencing Guidelines,* § 2D1.1(a)(3), Drug Equivalency Table (cross referenced from Guideline § 2D2.1(b)). Avant argues first that the Act's increased sentencing for cocaine base violates constitutional standards of vagueness because the Act does not specifically define cocaine base. Avant next argues that the increased sentencing for cocaine base violates the prohibitions of disproportionate sentencing in the eighth amendment and the equal protection clause of the fourteenth amendment.

We have already addressed these arguments in a one paragraph, unpublished order filed on December 7, 1989 in *United States v. M.V. Peoples,* 891 F.2d 293 (6th Cir.1989). However, these issues obviously will arise again, and thus we publish the following discussion.

The standard for vagueness in a criminal statute is if it defines an offense in such a way that ordinary people cannot under-stand what is prohibited or if it encourages arbitrary or discriminatory enforcement. *Kolender v. Lawson,* 461 U.S. 352, 355, 103 S.Ct. 1855, 1857, 75 L.Ed.2d 903 (1983) (statute requiring loiterers to provide "clear and credible" identification to police upon request held unconstitutionally vague because it failed to define "clear and credible"). *See also Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). Also here, Avant would bear the burden to establish that the Act was vague under *Kolender* as applied to his particular case, not merely that the Act could be construed as vague in some hypothetical case. The Court in *Kolender* invalidated the statute on its face because of the statute's "potential for arbitrarily suppressing First Amendment liberties." *Kolender v. Lawson,* 461 U.S. at 358, 103 S.Ct. at 1858 (quoting *Shuttlesworth v. City of Birmingham,* 382 U.S. 87, 91, 86 S.Ct. 211, 213, 15 L.Ed.2d 176 (1965)). Here, Avant does not claim that dealing crack cocaine implicates the first amendment. *See United States v. Brown,* 859 F.2d 974, 976 (D.C.Cir.1988) (per curiam). On its face, because Avant's vagueness challenge does not invoke the first amendment, it "must be examined in light of the facts of the case at hand." *United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975) (citation omitted) (holding that 18 U.S.C. § 1154, which barred the introduction of alcoholic beverages into Indian country, was not void for vagueness). Avant cannot prevail by "asserting that the law is unclear with respect to those who distribute other, more exotic forms of cocaine;" Avant must show that the law is vague as applied to his particular case. *United States v. Brown,* 859 F.2d 974, 976.

When Congress got into the drug prohibition business they wrote in general rather than specific terms. The Act does not contain an explicit definition of the term, "cocaine base," as opposed to other forms of cocaine. As a starting point the terms are not of historical significance but of current usage. As we stated in *United States v. Hagen:*

> The starting point for construing a statute is the language of the statute itself. The inquiry into the statute's meaning does not however, end there.
>
> > [A]scertainment of the meaning apparent on the face of a single statute need not end the inquiry. This is because the plain meaning rule is "rather an axiom of experience than a rule of law, and does not preclude consideration of persuasive evidence if it exists."

869 F.2d 277, 279 (6th Cir.1989) (quoting *Watt v. Alaska,* 451 U.S. 259, 101 S.Ct. 1673, 68 L.Ed.2d 80 (1981) (citations omitted)). In *United States v. Hagen,* we held that the legislative history of 18 U.S.C. § 4205 indicated that inmates should be eligible for parole after ten years despite the lack of an explicit statutory requirement. A statute must be interpreted in light of experience and the intent of Congress. We need not abandon a common sense, reasonable interpretation of a statute in search of a far-flung ambiguity, as seems to be the argument of Avant.

■ In *United States v. Brown,* the court held that the term, "cocaine base," in the Act was not vague as applied to the

defendant, Brown, because Brown · was dealing a form of cocaine base known as crack. The court held that, because crack is "the primary target" of the Act, there could be "no doubt that[,] whatever else section 841(b)(1)(B)(iii) encompasses, it certainly includes the form of cocaine which Brown was convicted of possession with intent to distribute." 859 F.2d at 976. The court also based its holding on the failure of the defense to rebut the chemical definition of cocaine base that the prosecution had proffered. *Id.* at 975–76.

We agree with this analysis that the Act is not vague in regard to the possession of crack cocaine because Congress specifically targeted crack cocaine in the Act. The floor debates on the Act help a little in that it appears that Congress meant crack cocaine when it passed the enhanced penalties for cocaine base. · 132 Cong.Rec. S14270 (Sept. 30 1986) (statement of Sen. DeConcini); *id.* at S14301 (statement of Sen. Byrd). *United States v. Williams,* 876 F.2d 1521, 1525 (11th Cir.1989), has held that cocaine base was not a vague term in the Act because Congress understood "cocaine base" to refer to crack cocaine. *See also United States v. Collado–Gomez,* 834 F.2d 280 (2d Cir.1987) (per curiam) (routinely referring to cocaine base as crack cocaine in holding that the Act does not violate due process). While Avant advances an interesting argument, we are beginning to be confronted with "designer drugs"—drugs with a slightly altered chemical composition which place them outside statutory definitions of illegal narcotics without diluting the effect of the drug. These designer drugs may pose more serious vagueness challenges in the future. However, as ingenious an argument as Avant offers there is no evidence that the crack cocaine found on Avant pushes the limits of what Congress intended to prohibit under the Act. *See Brown,* 859 F.2d at 976.

Avant attempts, but fails to distinguish *Brown* on the ground that he introduced evidence to rebut the government's definition of cocaine base in the form of the transcript of the testimony of a forensic chemist, H. Steve Nichols, that had been offered in *United States v. M.V. Peoples.* Like the current case, *Peoples* also arose in the Western District of Tennessee at Memphis and Peoples was defended by the same attorney who is defending Avant in this case. In his testimony, Nichols criticized the general definition of cocaine base offered by the government in *Brown.* The weakness in Nichols's testimony is that it does not show any vagueness in regard to a particular defendant. Nichols admitted that in the *Peoples* case it was not in fact difficult to determine whether the particular substance was crack cocaine. The transcript reads as follows:

> THE COURT: Was this a hard assignment for you?
>
> THE WITNESS: To determine whether or not this—
>
> THE COURT: Yes.
>
> THE WITNESS: No sir, it wasn't.
>
> THE COURT: You knew what they wanted when they asked you to determine whether this was cocaine base?
>
> THE WITNESS: Yes, sir, I knew—yes, sir. I knew what it would take to determine whether or not the cocaine would be in its base form or its salt form.

Because Nichols had no difficulty in determining whether the cocaine in *Peoples* was in fact cocaine base under the Act, the definition of cocaine base was not vague "in light of the facts of the case at hand." *United States v. Mazurie,* 419 U.S. at 550, 95 S.Ct. at 714; *Brown,* 859 F.2d at 976. Further, Avant has introduced no evidence to show that the Act is vague as applied to him in particular, irrespective of the Act's application to the defendant in *Peoples.*

■ Avant also contends that the Act is open to arbitrary and discriminatory enforcement because it lacks an explicit definition of cocaine base, but Avant again fails to show any actual arbitrariness or discrimination in his particular case. Avant points to no instance of the police or the prosecution attempting to use the alleged ambiguity in the definition of cocaine base to discriminate or arbitrarily enforce the different sentencing structures for simple cocaine and cocaine base. Avant sug-

gests that "cocaine base" could mean the base (i.e. non-salt) form of ordinary cocaine or that it could mean crack cocaine, a form of cocaine base in the strict sense, *see Brown*, 859 F.2d at 976 (the Act was aimed at crack cocaine). Even if we accept Avant's alternative definitions, the Act is not vague in Avant's particular case because the cocaine found in the plastic bag when he was stopped by Memphis Police meets both alternative definitions; it is crack, which is also a form of non-salt cocaine.

In short, Avant has introduced no evidence that anyone, including users, is confused about what is meant by cocaine base and by simple cocaine. However one may quibble over a technical interpretation of the Act's phrasing or disagree with the length of sentences under the Act, both citizens and law enforcement officers clearly understand what the Act proscribes. We join other circuits in holding that the statute's definition of crack is not void for vagueness. *Brown*, 859 F.2d at 976; *United States v. Williams*, 876 F.2d 1521, 1525 (11th Cir.1989).

 We also reject Avant's claim that the sentencing ratio of one to one hundred for crack cocaine in proportion to cocaine violates the equal protection clause and the eighth amendment. First, the Act, a federal statute, does not violate equal protection because the equal protection clause of the fourteenth amendment applies to state action. In regard to the eighth amendment, we must "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishment for crimes." *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983). In *United States v. Solomon*, 848 F.2d 156 (11th Cir. 1988) (per curiam), the Eleventh Circuit held that the mandatory five year sentence for possession of five grams of crack under 21 U.S.C. § 841(b)(1)(B)(iii) did not violate the prohibition of disproportionate sentencing under the eighth amendment. In *Solomon*, the Court implicitly held that a one to one hundred ratio was not disproportionate, because the Court found the case "indistin-

guishable" from the previous Eleventh Circuit approval of a mandatory five year term for possession of 500 grams of simple cocaine in *United States v. Holmes*, 838 F.2d 1175 (11th Cir.1988) (upholding 21 U.S.C. § 841(b)(1)(B)(ii) under the eighth amendment). 848 F.2d at 157. In enacting stiffer sentences for crack cocaine, Congress apparently intended to combat what it perceived to be the greater danger of crack cocaine. *Brown*, 859 F.2d at 977; 132 Cong.Rec. 8091 (comments of Senators Mattingly and D'Amato) (June 20, 1986); *see also United States v. Ryan*, 866 F.2d 604, 609 (3d Cir.1989) (stating that Congress passed the Act in order to severely penalize possession of crack as "a particularly insidious and dangerous drug"). The sentence of ten years for possession of 7.3 grams of crack, while severe, is not cruel and unusual under the eighth amendment.

The judgment of the district court is affirmed.