959 F.2d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Bill RAGLAND, Defendant-Appellant.
 No. 91-5188.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1992.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-Appellant, Bill Ragland, was indicted[1] in the United States District court for the Western District of Tennessee, Western Division. The indictment alleged defendant along with his co-defendants of aiding and abetting each other to unlawfully, knowingly and intentionally possess with an intent to distribute 51 grams of cocaine base as classified by 21 U.S.C. § 812 as a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. After a trial by jury, defendant was found guilty as charged in the indictment. Subsequently, defendant moved the District Court to declare the Anti-Drug Act of 1986, 21 U.S.C. 841 et seq., void for vagueness and unconstitutional on grounds of disproportionate sentencing. Both motions were denied. Defendant was sentenced to a term of 108 months imprisonment to be followed by a supervised release for a term of three years. Defendant filed a timely notice of appeal. Defendant's contentions on appeal are not well taken, therefore, we affirm the order of the District Court.
 
 I.
 
 2
 On or about November 11, 1988, Officer Henry Williams and other members of the Memphis Police Department served a search warrant on a residence located in Memphis, Tennessee. As the officers burst open the kitchen door, they discovered defendant and Shirley Ragland standing next to a table against the wall. On the table were 51 grams of crack cocaine. The crack cocaine was in the process of being packaged for resale. The officers also discovered the type of cooking equipment which is commonly used for preparing crack cocaine.
 
 
 3
 The officers continued their search of the apartment. Cheryl Bland, the other co-defendant, was found hiding in the bathroom. Officer Williams observed that the toilet had just been flushed. At trial, Bland testified she had flushed a "stem", which is a pipe used for smoking crack cocaine, down the toilet. A small amount of cocaine powder was also recovered.
 
 
 4
 Cheryl Bland further testified that it was defendant who had brought over powdered cocaine to the apartment. In turn, Bland would "cook" the cocaine powder along with baking soda in order to produce crack cocaine. The crack would then be cut into smaller pieces referred to as rocks. Defendant and Jackson were responsible for the cutting and packaging aspects.
 
 II.
 
 5
 Defendant contends that there was insufficient evidence introduced at trial upon which a jury could have found him guilty. Defendant argues the evidence merely proves he was present in the apartment and not that he possessed the cocaine. Defendant further argues, the only evidence against him was the uncorroborated testimony of Cheryl Bland, a co-defendant.
 
 
 6
 This court has previously addressed the standard or review on a claim of insufficient evidence, holding as follows:
 
 
 7
 In a criminal case the standard of review for claims of insufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Moreover, circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not "remove every reasonable hypothesis except that of guilt." United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984). We have clearly indicated that we "will reverse a judgment for insufficiency of evidence only if th[e] judgment is not supported by substantial and competent evidence upon the record as a whole, and that this rule applies whether the evidence is direct or wholly circumstantial." Id. at 363.
 
 
 8
 U.S. v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989).
 
 
 9
 Furthermore, this court has repeatedly held "the uncorroborated testimony of an accomplice may support a conviction under federal law." U.S. v. Blakeney, 942 F.2d 1001, 1010 (6th Cir.1991).
 
 
 10
 In the case at bar, Cheryl Bland testified that defendant brought powdered cocaine to the apartment. She cooked the cocaine recipe transforming the powder into crack. Defendant and Shirley Jackson then cut the crack into smaller rocks for resale. The police arrested defendant standing next to the kitchen table where the packaging operation was taking place. On the table were 51 grams of crack partially cut and packaged into smaller portions. Clearly, when viewing the evidence in a light most favorable to the government, it must be concluded that there is sufficient evidence to justify a reasonable juror's conclusion that defendant was guilty of possessing 51 grams of cocaine base with an intent to distribute.
 
 III.
 
 11
 Defendant contends the District Court erred by allowing the government to introduce into evidence the fact that cocaine powder was also found at the apartment. At trial Officer Henry Williams testified that an envelope containing powdered cocaine was also found at the scene. The envelope was admitted into evidence. The powder was in addition to the 51 grams of cocaine base which was the subject of the indictment. Defendant argues that since he was not charged with possession of cocaine powder it was unfair and prejudicial to allow this evidence to be presented. Defendant objected to this evidence and moved for a mistrial on the basis of its admission.
 
 
 12
 Apparently, defendant is arguing that the evidence should have been excluded pursuant to EVID.R. 403 which provides as follows:
 
 
 13
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.
 
 
 14
 This court has recently addressed this rule, holding as follows:
 
 
 15
 The trial court has broad discretion in deciding admissibility issues under Rule 403. Hines v. Joy Mfg. Co., 850 F.2d 1146, 1154 (6th Cir.1988); United States v. Brady, 595 F.2d 359, 361 (6th Cir.1979) cert. denied, 444 U.S. 862, 100 S. ct. 129, 62 L.Ed.2d 84 (1979). In order to exclude evidence under Rule 403, the evidence must be more than damaging; it must be unfairly prejudicial. Hines, 850 F.2d at 1154; United States v. Mendez-Ortiz, 810 F.2d 76, 79 (6th Cir.1986) cert. denied, 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 697 (1987). Unfair prejudice means an undue tendency to suggest a decision on an improper basis. United States v. Vandetti, 623 F.2d 1144, 1149 (6th Cir.1980). In reviewing the trial court's ruling on a Rule 403 objection, the reviewing court must look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect. United States v. Kelley, 849 F.2d 999, 1003 (6th Cir.1988).
 
 
 16
 U.S. v. Rey, 923 F.2d 1217, 1221-2 (6th Cir.1991) (emphasis added).
 
 
 17
 In the instant case, Officer Williams explained at trial how crack cocaine is prepared by first combining powdered cocaine and baking soda. Water is added and the mixture is then heated. A paste is formed which is then allowed to cool. Finally, the cooled mixture is cut into small pieces. These pieces are what are referred to as rocks. Cheryl Bland testified that the three co-defendants were in the middle of this baking and packaging process when they were arrested. Thus, the presence of cocaine powder tends to substantiate her claim that they were processing crack from the powder but had not yet completed their task. The existence of the cocaine powder in the apartment is highly probative evidence that crack was being prepared and that defendant had been actively participating in the crime with which he had been charged. As such the district court did not err by allowing its introduction into evidence.
 
 IV.
 
 18
 Defendant contends the district court erred by not granting his motion to have the Anti-Drug Abuse Act ("the Act") declared either void for vagueness or unconstitutional on grounds of disproportionate sentencing. Defendant argues the Act requires different treatment for cocaine base than powdered cocaine. The penalty for the same amount of cocaine is one hundred times greater if the cocaine is a base and not powder. Defendant further argues that since there is no empirical to evidence to support such a disproportion in the sentences, the Act is a violation of the Eighth amendment. Finally, defendant argues the difference between cocaine base and cocaine powder is not defined in either 21 U.S.C. § 841 or the sentencing guidelines. Therefore, the Act is void for vagueness.
 
 
 19
 This court has very recently addressed these arguments. See U.S. v. Avant, 907 F.2d 623 (6th Cir.1990); U.S. v. Levy, 904 F.2d 1026 (6th Cir.1990). In addressing the void for vagueness claim, this court held as follows:
 
 
 20
 The flaw in [defendant's] statutory analysis is that he engages in it as if the 1986 amendments and the phrase cocaine base render criminal, conduct that would otherwise be legal. Section 841(b)(1)(B), however, is a penalty provision. As such, it did not change the substantial elements of the offense of the possession of cocaine with the intent to distribute. Rather, it lengthened the penalties the federal law already imposed for cocaine traficking. Statutes are not defective merely because they expose defendants to the risk that legally significant factors within their criminal conduct may trigger enhanced statutes. (Citations omitted).
 
 
 21
 Levy, 904 F.2d at 1033.
 
 
 22
 Furthermore, this court explicitly rejected defendant's Eight Amendment argument that the 100:1 ratio is unconstitutional. The court joined four other circuits in holding that the disproportionately of the sentence, while severe, simply does not rise to the level of an eighth amendment concern. Avant, 907 F.2d at 627; Levy, 904 F.2d at 1035. Finally, the term cocaine base is not vague because it is clear that Congress meant crack cocaine when they used the term cocaine base. Avant, 907 F.2d at 626.
 
 
 23
 Accordingly, the previous opinions of this court are both persuasive and binding on this issue.
 
 V.
 
 24
 The judgment and conviction of the District Court against defendant, Bill Ragland, is hereby affirmed.
 
 
 
 [1]
 Defendant was indicted along with two co-defendants, Shirley Jackson and Cheryl Bland. Neither of the co-defendants are a party to this appeal