989 F.2d 501
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bruce WEBB, Defendant-Appellant.
 No. 92-6057.
 United States Court of Appeals, Sixth Circuit.
 March 16, 1993.
 
 Before MERRITT, Chief Judge, and BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Bruce Webb appeals his conviction and sentence imposed following his plea of guilty to one count of possession of crack cocaine with intent to distribute within 1000 feet of a playground. 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to serve sixty months imprisonment and eight years supervised release. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Additionally, counsel for both parties have agreed to waive oral argument.
 
 
 2
 On appeal, Webb maintains that the Drug Quantity Table of U.S.S.G. § 2D1.1(c) and the penalty provisions of 21 U.S.C. § 841(b)(1)(B) are unconstitutional because they require higher base offense levels and greater penalties for offenses involving crack cocaine or cocaine base as compared to offenses involving cocaine.
 
 
 3
 Upon review, we conclude that the appeal lacks merit. It is well established that the statutory and guideline provisions for offenses involving crack cocaine are not unconstitutional. See United States v. Pickett, 941 F.2d 411, 418-19 (6th Cir.1991); United States v. Avant, 907 F.2d 623, 625-27 (6th Cir.1990).
 
 
 4
 Nevertheless, Webb has requested the court to consider his argument that the statutory provisions imposing enhanced penalties for offenses involving crack and cocaine base (as compared to cocaine) are unconstitutionally vague because they do not adequately define the substances involved. See United States v. Jackson, 768 F.Supp. 97, 101 (S.D.N.Y.1991), decision vacated, 968 F.2d 158 (2d Cir.), cert. denied, 113 S.Ct. 664 (1992).
 
 
 5
 Webb's argument is not persuasive. The Second Circuit rejected the district court's reasoning in Jackson as faulty. 968 F.2d at 161. Moreover, the Jackson case involved statutory distinctions between crack and cocaine base. Webb's argument concerns distinctions between crack and cocaine. The Sixth Circuit has previously found that both crack and cocaine base are alternate, non-salt forms distinguishable from the salt form of the drug, cocaine. See Avant, 907 F.2d at 626-27. As noted, the statutory and guideline distinctions between crack and cocaine are not unconstitutional.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.