989 F.2d 501
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Paul HODGSON, Jr., Defendant-Appellant
 No. 92-1185.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1993.
 
 Before BOGGS and BATCHELDER, Circuit Judges, and MANOS, Senior District Judge*
 PER CURIAM.
 
 
 1
 Appellant Richard Paul Hodgson, Jr. pled guilty to one count of distributing "crack" cocaine within 1,000 feet of a schoolhouse in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). He entered this plea on September 30, 1991. At his sentencing, Mr. Hodgson argued that the Federal sentencing scheme for this violation offended the Constitution, since it prescribes a sentence for dealing crack based on the weight of the crack involved in the crime using a "100:1" ratio; this ratio requires the court to impose the same sentence on a person selling one gram of crack as it does on a person selling one hundred grams of powdered cocaine. The defendant asked the court to sentence him as if he had sold an equal weight of powdered cocaine. The District Court rejected his constitutional challenge, declined his request, and sentenced him to eighty-two months in prison. Mr. Hodgson renews his arguments at our bar; we affirm the judgment of the District Court.
 
 
 2
 This case simply does not raise any issue on which this Circuit has not already definitively ruled. We have upheld the United States Sentencing Guidelines' 100:1 ratio in the face of almost every conceivable constitutional challenge. Most recently, in United States v. Williams, 962 F.2d 1218, (6th Cir.), cert. denied, 113 S.Ct. 264 (1992), we held that the 100:1 ratio does not violate the equal protection guarantees of the Fifth Amendment. Id. at 1227. Williams also followed an earlier Sixth Circuit decision in upholding the ratio in response to the argument that the ratio was void for vagueness. Id., citing United States v. Levy, 904 F.2d 1026, 1032-33 (6th Cir.1990), cert. denied sub nom. Black v. United States, 111 S.Ct. 974 (1991). In Levy, we had also held that the term "cocaine base" is not unconstitutionally vague in the context of scientific chemical terminology, Levy, 904 F.2d at 1033, and that the ratio does not constitute cruel and unusual punishment. Id. at 1034, accord United States v. Avant, 907 F.2d 623 (6th Cir.1990). In addition, we have held that the ratio does not violate the substantive due process component of the Due Process Clause. United States v. Pickett, 941 F.2d 411, 418 (6th Cir.1991) ("Given these problems caused by the special qualities of crack, it was not irrational for Congress to determine that substantially greater penalties for the sale and distribution of crack were necessary....").
 
 
 3
 There is no merit to the appellant's suggestion that State of Minnesota v. Russell, --- Minn. ----, 477 N.W.2d 886 (1991), which held a similar State sentencing ratio for crack violative of the Minnesota Constitution due to a finding of disparate racial impact, provides any basis for this court to overturn our well-settled precedent. At best, Mr. Hodgson has raised the issue of the allegedly disparate racial impact of the Federal crack ratio obliquely, and we believe insufficiently. At sentencing, defense counsel mentioned this issue only as a conclusory aside, but neither specified this issue as a ground of objection to the Government's pre-sentence report nor put forth any statistical or other evidence of the ratio's claimed unequal impact. See McCleskey v. Kemp, 481 U.S. 279, 107 S.Ct. 1756 (1987). He also acknowledged at the sentencing hearing that the defendant is not a member of the minority community.
 
 
 4
 Thus, appellant did not even begin to make out an equal protection violation on the basis of racial discrimination in the application of this portion of the Guidelines. Mr. Hodgson's statement of issues presented for appeal in his brief before this court contains no hint of a challenge to the Guidelines ratio on the basis of disparate racial impact, and the substance of the brief presents only a conclusory argument relative to this claim based solely on the Minnesota case. Even had Mr. Hodgson squarely addressed the issue before this court, we cannot consider it for the first time on appeal. United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992).
 
 
 5
 Further, the United States Supreme Court has not spoken on these issues, and we cannot overrule the decisions of earlier panels of this court, holding that the ratio does not offend the Constitution, based on an opinion of the Minnesota Supreme Court. Salmi v. Secretary of Health & Human Services, 774 F.2d 685, 689 (6th Cir.1985).
 
 
 6
 Finally, the appellant's demand that his conviction be reversed on the basis of his challenge to his sentencing is patently meritless. His conviction resulted from a guilty plea entered pursuant to a plea agreement, and thus his right of appeal extends only as to his sentence. 18 U.S.C. § 3742.
 
 
 7
 For the reasons explained, we AFFIRM the conviction and sentence of Richard Paul Hodgson, Jr.
 
 
 
 *
 The Honorable John M. Manos, of the Northern District of Ohio, sitting by designation