170 F.3d 553
 BELLE MAER HARBOR, a Michigan limited partnership and Marc
Howard, Plaintiffs-Appellants,
v.
CHARTER TOWNSHIP OF HARRISON, a Michigan municipal
corporation; Pamela A. Weeks, Trustee, Harrison Township
Board of Trustees; Ronald J. Nowaks, Trustee; James P.
Senstock, Trustee; Barbara C. Urban, Trustee; Individually
and in their Official Capacity; Barbara Casey, Harrison
Township Ordinance Enforcement Officer, in her Official
Capacity, Defendants-Appellees.
 No. 97-1596.
 United States Court of Appeals,
Sixth Circuit.
 Argued Sept. 24, 1998.
Decided March 1, 1999.
 
 Bruce T. Leitman (argued and briefed), Bloomfield Hills, Michigan, for Plaintiffs-Appellants.
 Robert J. Seibert (argued and briefed), Anthony, Seibert & Dloski, P.L.L.C., Mt. Clemens, Michigan, for Defendants-Appellees.
 Before: NORRIS, BATCHELDER, and BRIGHT*, Circuit Judges.
 OPINION
 BRIGHT, Circuit Judge.
 
 
 1
 This action for injunctive relief and declaratory judgment by Belle Maer Harbor, a marina operator on Lake St. Clair in Harrison Township, Macomb County, Michigan ("Township") and its manager Marc Howard (collectively "Belle Maer") attack as vague an ordinance of the township which regulates the marina's use of mechanical agitators and a tugboat used to keep the waterway from freezing around its boats and structures. From an adverse judgment, Belle Maer appeals. We determine the ordinance, in the part challenged, to be invalid and reverse and remand.[1]
 
 I. BACKGROUND
 
 2
 In 1988, the Township enacted the "Boat Bubbling Ordinance" ("Ordinance 239") to protect the safety of property owners living along the Township's waterways and to ensure unimpeded access to Lake St. Clair and other frozen waterways within the Township for winter recreational activities. Ordinance 239 established various safety requirements for the use of mechanical devices known as bubbling devices,[2] which protect docks and other structures in the Township's waterways from ice damage during the winter and spring seasons. Most important for purposes of this appeal, Ordinance 239 set strict limits on the size of open water areas which bubbling devices could create: the open water area could not exceed a five-foot radius from the protected object, or an area "determined by the inspecting officer to be a reasonable radius." This prohibition applied only to canals with widths of 110 feet or less.[3] Violation of the ordinance carried criminal penalties: a maximum of a $300 fine and a thirty-day period of incarceration.
 
 
 3
 Belle Maer owns and operates Belle Maer Harbor Marina ("Marina"), a private for-profit marina located in the Township on Lake St. Clair. Navigable canals connecting to Lake St. Clair border the Marina on the west and south, and Lake St. Clair abuts the Marina on the north. The canals vary in width from 148 feet to 200 feet, with over 200 docks located along their banks. To protect its docks, pilings and sea walls from ice damage during the winter months, the Marina operates a tugboat to break up the ice within the Marina's interior basin and uses bubbling devices to melt ice around its structures within the canals. The Marina complied with the safety requirements of Ordinance 239, although the open water restriction did not apply to Belle Maer because the Marina's canals exceeded 110 feet in width.
 
 
 4
 In 1996, the Township adopted Ordinance 303, an amendment to Ordinance 239, which removed the exception to the open water restriction for canals exceeding 110 feet in width. The Township contends that excessive bubbling had created hazardous conditions for Township residents using the frozen waterways. These conditions justified increasing the Ordinance's safety requirements and expanding the open water restriction from "canals one hundred ten (110') feet or less in width" to "any canal or waterway" in the Township.[4] Ordinance 303 brought the Marina within the ambit of the open water restriction set forth in Ordinance 239.[5]
 
 
 5
 In response, Belle Maer filed a seven-count complaint, seeking, inter alia, a preliminary injunction to prevent the Township from enforcing the open water restriction against Belle Maer. At the outset, the parties stipulated to the entry of a temporary restraining order, enjoining enforcement of the Ordinance pending the conclusion of the proceedings before the court. At the close of discovery, the Township filed a partial motion for summary judgment as to Belle Maer's federal preemption and vagueness claims, and Belle Maer responded with its own motion for summary judgment for declaratory and injunctive relief.
 
 
 6
 After hearing oral argument concurrently on both motions, the district court ruled from the bench, granting the Township's partial motion for summary judgment and denying Belle Maer's motion for declaratory and injunctive relief. The next day the parties stipulated to an order dismissing the remaining counts of the complaint. The order also stayed enforcement of the Ordinance pending the outcome of this appeal. Belle Maer timely filed the appeal before this court. We have jurisdiction under 28 U.S.C. § 1291 and review a decision granting summary judgment de novo. See Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460, 462 (6th Cir.1998).
 
 II. DISCUSSION
 
 7
 Turning to the specific arguments presented on appeal, Belle Maer asserts that the Ordinance lacks sufficient definiteness to provide Township residents with adequate notice of the proscribed conduct under the Ordinance. In addition, they contend that the Ordinance's imprecision precludes Township inspection officers from uniformly enforcing the Ordinance's open water restriction. Belle Maer also argues that the Township's five foot radius requirement violated their substantive due process rights on grounds that the Ordinance constituted an unreasonable means of advancing a governmental interest.[6] In short, Belle Maer asserts that it can only comply with the Ordinance by ceasing to use its bubblers and tugboat which would result in extensive damage to its facilities and substantial financial injury. Because we conclude that the Ordinance is void-for-vagueness, the court does not reach Belle Maer's substantive due process argument.[7]
 
 A. Void-for-Vagueness
 
 8
 The Due Process Clauses of the Fifth and Fourteenth Amendments provide the constitutional foundation for the void-for-vagueness doctrine. See United States v. Haun, 90 F.3d 1096, 1101 (6th Cir.1996); Columbia Natural Resources, Inc. v. Tatum, 58 F.3d 1101, 1104 (6th Cir.1995). A vague ordinance violates the Constitution in two significant respects: such an ordinance fails, (1) to define the offense with sufficient definiteness that ordinary people can understand prohibited conduct, and (2) to establish standards to permit police to enforce the law in a non-arbitrary, non-discriminatory manner. See Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983). The second prong--providing minimal guidelines to govern the conduct of law enforcement--constitutes the more important aspect of the vagueness doctrine. See Smith v. Goguen, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974). "This reflects the common sense understanding that the average citizen does not read, at his leisure, every federal, state, and local statute to which he is subject." Tatum, 58 F.3d at 1105. An enactment imposing criminal sanctions or reaching a substantial amount of constitutionally protected conduct may withstand facial constitutional scrutiny only if it incorporates a high level of definiteness. See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982); Kolender, 461 U.S. at 357, 103 S.Ct. 1855.
 
 
 9
 In examining a facial challenge, this court must first "determine whether the enactment reaches a substantial amount of constitutionally protected conduct." Hoffman Estates, 455 U.S. at 494, 102 S.Ct. 1186. Where the enactment does not reach constitutionally protected conduct, the complainant may succeed in a vagueness claim "only if the enactment is impermissibly vague in all of its applications." Id. at 495, 102 S.Ct. 1186. Therefore, vagueness claims not involving First Amendment freedoms must be examined in light of the facts of the particular case at hand and not as to the statute's facial validity. See Tatum, 58 F.3d at 1109 n. 6 (limiting vagueness challenge to an "as applied" analysis since the case did not implicate First Amendment rights); United States v. Avant, 907 F.2d 623, 625 (6th Cir.1990) (reviewing vagueness challenge to statute not involving First Amendment rights on the facts of that specific case) (citing United States v. Mazurie, 419 U.S. 544, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975)). However, even in cases not involving First Amendment rights, we have recognized that courts may engage in a facial analysis where the enactment imposes criminal sanctions. See Springfield Armory, Inc. v. City of Columbus, 29 F.3d 250, 252-254 (6th Cir.1994) (rejecting district court's "as applied" analysis of statute with criminal penalties, and concluding that the particular statute was unconstitutionally vague on its face).
 
 
 10
 Applying these principles to this case, we conclude first that the Ordinance does not threaten to inhibit the exercise of protected First Amendment rights. See Hoffman Estates, 455 U.S. at 495-96, 102 S.Ct. 1186. Neither party contends that First Amendment rights were at issue in this case, and our review of the Ordinance supports this conclusion. But the Ordinance does impose criminal penalties, including incarceration and fines, for its violation. "When criminal penalties are at stake, as they are in the present case, a relatively strict test is warranted." Springfield Armory, Inc., 29 F.3d at 252 (citing Hoffman Estates, 455 U.S. at 499, 102 S.Ct. 1186). Given the criminal sanctions resulting from violations of the Ordinance, we must examine the Ordinance on its face to determine whether it lacks sufficient definiteness to meet the requirements of the Due Process Clause. Id. at 254.
 
 
 11
 To withstand a facial challenge, an enactment must define the proscribed behavior with sufficient particularity to provide a person of ordinary intelligence with reasonable notice of prohibited conduct and to encourage non-arbitrary enforcement of the provision. See Kolender, 461 U.S. at 357, 103 S.Ct. 1855. Here, Belle Maer complains that the Ordinance fails to meet both prongs of the vagueness doctrine. Nevertheless, Belle Maer focuses the court's attention principally on the unlimited discretion afforded by the Ordinance to enforcement officers in determining whether an area of open water violates the Ordinance's dictates. We, therefore, begin our discussion of the Ordinance with this aspect of the vagueness doctrine.
 
 
 12
 The Ordinance provides that an operator of a bubbling system may maintain an area of open water around a protected object "not to exceed five ... feet, or as determined by the inspecting officer to be a reasonable radius." Belle Maer identifies two problems with the language of the Ordinance as it pertains to the inspector's enforcement decisions. First, the Ordinance in no way limits the imposition of criminal penalties on operators for maintaining an area of open water of less than five feet in radius, as long as the shorter radius is determined not to be a "reasonable" radius. Second, if the area of open water exceeds five feet in radius around the protected object, the sole restriction governing the inspector's enforcement decision is what that officer deems to be "reasonable." The failure to include a definition of "reasonable" compounds the definitional slipperiness of this Ordinance. With these arguments in mind, we must discern whether the reasonableness standard in the Ordinance bounds the inspection officer's enforcement decisions sufficiently to prevent ad hoc, discriminatory enforcement of the open water restriction. See Kolender, 461 U.S. at 358, 103 S.Ct. 1855 ("Where the legislature fails to provide such minimal guidelines, a criminal statute may permit 'a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections.' ") (quoting Smith, 415 U.S. at 575, 94 S.Ct. 1242).
 
 
 13
 Facing a similar definitional question in Haun, we reaffirmed the general principle that a failure to define a term within a statute or ordinance does not render the statute unconstitutionally vague, where the common meaning of the word provides both adequate notice of the conduct prohibited and of the standards for enforcement. Haun, 90 F.3d at 1101 (citing United States v. Kaylor, 877 F.2d 658, 661 (8th Cir.1989)). Referencing Webster's Third New International Dictionary, we then held that an ordinary person would understand the import of the word "proceeds" in the context of a money laundering statute and, therefore, the statute did not qualify as unconstitutionally imprecise. Id.
 
 
 14
 Unlike Haun, however, this court cannot say that a commonly accepted meaning exists for the term "reasonable" which would provide an inspection officer with guidance in interpreting the Ordinance and in executing his or her enforcement duties with any uniformity. As a threshold point, the court finds support for this conclusion in Black's Law Dictionary which uses terms and phrases like "[f]air, proper, just, moderate, suitable under the circumstances" and "[f]it and appropriate to the end in view" to define the term reasonable. Black's definition demonstrates that a standard grounded on reasonableness in this context is susceptible to a myriad of interpretations conferring on the inspectors "a virtually unrestrained power to arrest and charge persons with a violation." Kolender, 461 U.S. at 360, 103 S.Ct. 1855 (citation omitted).
 
 
 15
 The Township counsel's comments at the hearing before the district court on the motions for summary judgment also support our determination: "I would agree that in the text of the ordinance, there are not articulated standards as to what what [sic] factors would determine reasonableness[.]"[8] Jt.App. at 297. The deposition testimony of the officer charged with enforcement of the Ordinance substantially undercuts the Township's position. Enforcement Officer Barbara Casey testified in her deposition that she could not discern an intelligible standard in the Ordinance to govern the performance of her duties: "[o]ne persons idea of a reasonable radius would vary from another's."[9] Constrained only by this reasonableness standard, an inspector could impose criminal sanctions for an area of open water of six, seven or ten feet, and perhaps even less than five feet.[10] Discretion of this magnitude furnishes Township inspectors with a "convenient tool for 'harsh and discriminatory enforcement against particular groups deemed to merit their displeasure.' " Papachristou v. City of Jacksonville, 405 U.S. 156, 170, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972) (quoting Thornhill v. Alabama, 310 U.S. 88, 97-98, 60 S.Ct. 736, 84 L.Ed. 1093 (1940)).
 
 
 16
 Thus, although we do not require impossible clarity in standards governing conduct, Kolender, 461 U.S. at 361, 103 S.Ct. 1855, the court must apply a relative strict standard of scrutiny here where criminal sanctions apply. See Springfield Armory, Inc., 29 F.3d at 252. We conclude after a close examination of the Ordinance that the reasonableness standard entrusts the enforcement decision regarding the open water restriction "to the moment-to-moment judgment of the policeman on his beat." Smith, 415 U.S. at 575, 94 S.Ct. 1242 (quoting Gregory v. City of Chicago, 394 U.S. 111, 120, 89 S.Ct. 946, 22 L.Ed.2d 134 (1969)). In addition, the court cannot conclude that a person of ordinary intelligence could determine from this standard the proscribed conduct which could lead to criminal sanctions. Therefore, we hold that the final clause in the Ordinance, namely, "or as determined by the inspecting officer to be a reasonable radius," is void for vagueness, and is severable according to the severability clause contained in the Ordinance.[11] CHARTER TOWNSHIP OF HARRISON, MICH., BOAT BUBBLING ORDINANCE § 20.185 (1989).
 
 
 17
 But the Township argues to the contrary, relying heavily on Tatum for the proposition that "gray areas" necessarily arise in interpreting words used "to govern human conduct."[12] Tatum, 58 F.3d at 1109. Building on this principle, the Township insists that its inspectors would not make enforcement decisions in a vacuum. Rather, decisions to prosecute would be constrained by the reasonableness standard in relation to the stated purpose of the Ordinance: to protect the health and safety of Township residents from excessive use of bubblers and the safety hazards resulting from such use.
 
 
 18
 This court does not disagree with the Township that many ordinances, statutes and other enactments have "gray areas" requiring use of an officer's discretionary judgment in their enforcement. However, due process requires at least sufficient exactness to prevent arbitrary enforcement and give notice of what an individual must do to comply with the enactment. Construing the open water restriction in conjunction with the Ordinance's stated purpose does not save this enactment from Belle Maer's vagueness challenge. Under the present scheme, neither the enforcement officer nor the bubbler operator can ascertain by examining the language of the Ordinance alone whether criminal sanctions will result from one foot or ten feet of open water created by a bubbler around a protected object. This level of imprecision cannot withstand a due process challenge on vagueness grounds. The people of Harrison are entitled to more definiteness in the Township's law making than illustrated by the language in question of the Ordinance. Therefore, we conclude that the final clause of the Ordinance, which reads "or as determined by the inspecting officer to be a reasonable radius," fails because of vagueness.[13]III. CONCLUSION
 
 
 19
 Accordingly, we REVERSE the district court's decision granting summary judgment and dismissing this cause, and we REMAND for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 At the outset, we note that Belle Maer challenges the ordinance's provision governing the use of mechanical agitators, otherwise known as bubbling devices, not the other safety requirements in the ordinance. Belle Maer states that it complies with these safety requirements
 
 
 [2]
 Bubbling devices extract relatively warmer water from the bottom of a waterway and bring that water to the surface, creating an area of open water which otherwise would be covered by ice
 
 
 [3]
 Ordinance 239 provided in relevant part:
 D. The amount of open water created by a bubbling system shall be controlled as follows:
 
 
 [1]
 In canals one hundred ten (110') feet or less in width, a person choosing to bubble shall operate, maintain and periodically inspect the bubbling system apparatus so as to maintain an open water radius surrounding the bubbled object not to exceed five (5') feet, or as determined by the inspecting officer to be a reasonable radius
 Jt.App. at 223.
 
 
 [4]
 Ordinance 303 provides in relevant part:
 In any canal or waterway a person choosing to bubble shall operate, maintain and periodically inspect the bubbling system apparatus so as to maintain an open water radius surrounding the bubbled object, not to exceed five (5) feet, or as determined by the inspecting officer to be a reasonable radius.
 Jt.App. at 229.
 
 
 [5]
 For clarity's sake, we will refer to Ordinance 239, as amended by Ordinance 303, as "the Ordinance."
 
 
 [6]
 According to Belle Maer's expert, Professor C. Allen Wortley, the unpredictability of such factors as the weather, underwater currents and other environmental variables, and the current state of the art of bubblers prevent operators from controlling the size of an area of open water created by bubblers with any degree of accuracy
 
 
 [7]
 The parties continue to dispute whether this court can consider Professor Wortley's expert testimony. Although Belle Maer introduced this evidence into the record, Belle Maer did not direct the court's attention to this evidence in its response to the Township's motion for summary judgment. This evidence goes principally to the substantive due process argument. The district court did not address this issue; neither do we
 
 
 [8]
 Having made this sweeping comment, the Township's counsel still maintained at the hearing that the Ordinance's imprecision does not render it unconstitutionally vague, arguing that the reasonableness standard simply put the burden on the Township to show that the standards were reasonable. This does not satisfy the demands of due process. See Kolender, 461 U.S. at 358 n. 7, 103 S.Ct. 1855 (citing United States v. Reese, 92 U.S. 214, 221, 23 L.Ed. 563 (1876)) ("It would certainly be dangerous if the legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large.")
 
 
 [9]
 Casey stated the following during an interchange with Belle Maer's counsel in her deposition:
 Q. Now, I would like you to take a look at exhibit two there again which is the proposed, the amendment to the bubbling ordinance. Again, I would like to go back to this language which states ["]or as determined by the inspecting officer to be a reasonable radius. ["] Have you been given any kind of standards or any kind of guidelines as to how to make that determination?
 A. No.
 Q. Okay. Do you know of any standards or any guidelines that you would use as to make this determination?
 A. No, I don't. I think it's a little vague in it's [sic] writing because it says or as determined to be reasonable. One person[']s idea of a reasonable radius would vary from another's, that's why I'm not going to make the determination. When it comes to it[,] I'll take pictures again, I will see what we have out there, I will show the supervisor and they can make the judgment calls.
 Jt.App. at 254-55.
 
 
 [10]
 Although counsel for the Township interprets the Ordinance not to apply to open water less than five feet, the Ordinance is susceptible to a contrary construction, and we must determine validity and invalidity on the basis of the language itself
 
 
 [11]
 Belle Maer also claims that the language of the open water restriction--"bubbler system or mechanism"--failed to provide notice of whether this provision applied to Belle Maer's tugboat. Having declared the open water restriction in the Ordinance void-for-vagueness on other grounds, we decline to reach this issue
 
 
 [12]
 The Tatum court rejected a vagueness challenge to the RICO statute, exclaiming that nothing "startling" existed in that statute to render it unconstitutionally vague
 
 
 [13]
 We further question whether the Ordinance's requirement that an operator "periodically inspect" his or her bubbling device "so as to maintain an open radius ... not to exceed five feet ..." might also be unconstitutionally vague. An operator laboring under this mandate might be required to monitor an area of open water almost constantly because of the ever-changing weather conditions and the unpredictable timing of the inspections. This language, therefore, may vest too much discretion in the enforcement authority. We decline to address this issue, however, as the Ordinance will be redrafted, clarified and made more specific in response to this opinion