946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny SMITH, Defendant-Appellant.
 No. 91-5006.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1991.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Johnny Smith was sentenced to imprisonment for 210 months on a federal drug charge. He now appeals his sentence, contending that the district court was obligated to depart downward from the range indicated by the sentencing guidelines. Mr. Smith argues that he was entitled to a departure both because he suffered from a mental illness that diminished his mental capacity and because a departure was necessary to prevent unfair disparity between his sentence and that of a co-defendant. Finding neither argument persuasive, we shall affirm the sentence.
 
 
 2
 * On October 10, 1989, police officers entered an apartment unit on Garden Oaks Way, in Memphis, pursuant to a search warrant. Defendant Smith and a man named Roosevelt Howard were sitting at a kitchen table. Nearby the officers found marijuana, cocaine that was being processed, cocaine base, and drug paraphernalia. In the bedroom of the apartment the officers found Mr. Smith's pants, which contained a large amount of cash.
 
 
 3
 Messrs. Smith and Howard were indicted on a charge of violating 21 U.S.C. § 841(a)(1) by possessing approximately 47.3 grams of cocaine base with intent to distribute it. Both men pleaded guilty.
 
 
 4
 At the initial sentencing hearing Mr. Smith asked the court for a downward departure, pursuant to § 5K2.13 of the guidelines, based on his mental condition.[1] The court ordered a psychological evaluation.
 
 
 5
 The evaluation disclosed that although Mr. Smith had a bi-polar effective disorder, manic-type, "it did not significantly reduce his mental capacity during the time of the incident [sic] offense such that he was unable to appreciate the nature and quality or the wrongfulness of his acts." The examiner concluded that Smith's mental disorder "did not significantly reduce his mental capacity.... It is this examiner's opinion that the instant offense was more a product of alcohol and drug abuse, rather than mental illness." Based on this evidence, the court found that Mr. Smith did not suffer from reduced mental capacity to a degree that would warrant a departure under § 5K2.13.
 
 
 6
 Mr. Smith's criminal history was such that the guidelines called for a sentence in the range of 210-262 months. Smith argued that he ought to be given a sentence below this range to avoid disparity between his sentence and that of his co-defendant, Mr. Howard, whose sentence was only 97 months. The court rejected this argument, giving Mr. Smith a sentence at the bottom of his guideline range.
 
 II
 
 7
 The refusal of a trial court to depart downward from the range prescribed by the sentencing guidelines is not reviewable except in very limited circumstances. United States v. Draper, 888 F.2d 1100 (6th Cir.1989). Failure to depart downward is reviewable only if the court held the mistaken view that it was without authority to depart. United States v. Maddalena, 893 F.2d 815, 817-18 (6th Cir.1989). Where there is no such error, and the sentence is lawful and reflects a correct application of the guidelines, the failure to depart is not reviewable. United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990).
 
 
 8
 The district court's conclusion that § 5K2.13 of the guidelines was not intended to cover a mental disorder of the sort suffered by Mr. Smith is a legal conclusion that is reviewable on appeal under 18 U.S.C. § 3742(a)(1). See United States v. Hamilton, No. 91-1086 (6th Cir. Sept. 24, 1991); United States v. Poff, 926 F.2d 588, 590-91 (7th Cir.1991) (en banc); United States v. Rosen, 896 F.2d 789, 791 (3d Cir.1990). However, we find no error in the district court's conclusion that the circumstances of this case were not sufficient to justify invoking § 5K2.13.
 
 III
 
 9
 Mr. Smith's second argument is that the district court should have departed downward to avoid an unwarranted sentencing disparity. The argument has no merit.
 
 
 10
 In United States v. Nelson, 918 F.2d 1268, 1273 (6th Cir.1990), we held that district courts "are not precluded as a matter of law from departing from the guidelines in order to generally conform one conspirator's sentence to the sentences imposed on his co-conspirators." However, it is only in an unusual case that the district court may depart in order to achieve uniform sentencing, id. at 1272, if, indeed, it may do so at all. See United States v. Gessa, 944 F.2d 265 (6th Cir.1991).
 
 
 11
 In United States v. Parker, 912 F.2d 156 (6th Cir.1990), we held that disparities in sentencing under the guidelines are appropriate where the co-defendants have different criminal histories. Mr. Smith's prior record includes convictions for robbery with a deadly weapon and for unlawful possession of a controlled substance with intent to sell it. Mr. Smith was a career criminal and Mr. Howard was not. Nothing in the sentencing guidelines entitles Mr. Smith to a reduced sentence because his partner in crime had a record less blemished than his own. Even if a failure to depart downward on this basis were appealable--and we do not mean to suggest that it is--Mr. Smith's argument would fail.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Section 5K2.13 provides as follows:
 "If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public."