**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Reginald REECE, Defendant–Appellant.**

No. 92–3736.

United States Court of Appeals,
Sixth Circuit.

Argued March 25, 1993.

Decided April 30, 1993 *.

* This decision was originally issued as an "unpublished decision" filed on April 30, 1993. On May 24, 1993 the court designated the opinion as one recommended for full-text publication.

Terry Lehmann (argued and briefed), Office of the U.S. Atty., Cincinnati, OH, for plaintiff-appellee.

W. Kelly Johnson (argued and briefed), Miller & Rosewald, Cincinnati, OH, for defendant-appellant.

Before: NORRIS and SILER, Circuit Judges; and HOOD, District Judge.**

PER CURIAM.

This appeal presents yet another challenge to the distinctions in the federal drug laws between offenses involving cocaine and offenses involving cocaine base (crack). Defendant Reginald Reece pled guilty to distributing four ounces of crack, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Knowing he faced a mandatory minimum sentence of ten years imprisonment for such an offense, Reece reserved in the plea agreement the right to challenge, on constitutional grounds, the punishment disparity for cocaine and crack offenses under the statute and the Sentencing Guidelines. Section 841 and U.S.S.G. § 2D1.1 identically equate 100 grams of cocaine to 1 gram of crack for purposes of sentence severity. Following Reece's plea, the district court rejected his claim that the 100:1 ratio violates equal protection under the Constitution. The court sentenced Reece to, inter alia, 120 months imprisonment as the statute and Guidelines mandate. For reasons stated herein, we AFFIRM.

■ Reece claims that the federal cocaine-crack equivalency discriminates on the basis of race, and that, as such, this court should strictly scrutinize the law to determine its constitutionality. In support of his claim to such penetrating review, Reece cites statistics, conceded by the government, showing that the vast majority of crack defendants are blacks. Additionally, Reece quotes legislative history allegedly showing a racial animus behind Congress's enactment of the cocaine-crack differential.

■ Reece's attempt to convince this court that the cocaine-crack equivalency is race-based fails. He relies centrally on statistics. Numerical impact, of course, may not alone support a finding of invidious discrimination in a facially neutral law. *See Rogers v. Lodge*, 458 U.S. 613, 617 n. 5, 102 S.Ct. 3272, 3275 n. 5, 73 L.Ed.2d 1012 (1982) (noting that only purposeful discrimination merits strict scrutiny) (citing *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976)). The only evidence besides such impact that Reece offers here is legislative history. Reece cites to comments pertaining to the Anti–Drug Abuse Act of 1988 that purportedly show Congress's racial aim. However, the cocaine-crack equivalency initially appeared in the Anti–Drug Abuse Act of 1986. *See United States v. Levy*, 904 F.2d 1026, 1032 (6th Cir.1990), *cert. denied*, 498 U.S. 1091, 111 S.Ct. 974, 112 L.Ed.2d 1060 (1991). Thus, even if the post-enactment remarks at issue suggested bad motive, which they do not, Reece's specious chronology would defeat his attempt to expose racial bias behind the equivalency.

Perhaps the most telling feature of Reece's argument is his failure even to mention the existing precedent directly rejecting his contentions. This circuit repeatedly has upheld the cocaine-crack equivalency against all manner of constitutional attack, including the claim of racial discrimination. *See United*

** The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

*States v. Wilson,* 972 F.2d 349 (6th Cir.1992) (unpublished) (rejecting claim that equivalency discriminates based on race); *United States v. Adams,* 985 F.2d 561 (6th Cir.1993) (unpublished) (same); *United States v. Reed,* 977 F.2d 584 (6th Cir.1992) (unpublished) (same), *cert. denied,* —— U.S. ——, 113 S.Ct. 1334, 122 L.Ed.2d 718 (1993); *see also United States v. Williams,* 962 F.2d 1218, 1227–28 (6th Cir.) (upholding equivalency, on rational basis review, against equal protection challenge), *cert. denied,* —— U.S. ——, 113 S.Ct. 264, 121 L.Ed.2d 194 (1992); *United States v. Pickett,* 941 F.2d 411, 418–19 (6th Cir.1991) (upholding equivalency against substantive due process and Eighth Amendment challenges). The other circuits are in accord. *See, e.g., United States v. Galloway,* 951 F.2d 64, 66 (5th Cir.1992) (collecting cases and rejecting racial analysis); *United States v. Robinson,* 978 F.2d 1554, 1565 (10th Cir. 1992) (rejecting racial analysis), *cert. denied,* —— U.S. ——, 113 S.Ct. 1855, 123 L.Ed.2d 478 (1993); *United States v. Lawrence,* 951 F.2d 751, 754–55 (7th Cir.1991) (collecting cases and upholding equivalency against general equal protection challenge). Because Reece offers nothing to discourage adherence to such substantial precedent, his appeal must be rejected.

The district court's decision is AFFIRMED.