12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory D. HUDSON, a/k/a G Money, Defendant-Appellant.
 No. 92-6444.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1993.
 
 Before: NELSON and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Gregory D. Hudson appeals his conviction entered on his plea of guilty to distribution of crack cocaine, for which he received a sentence to serve sixty-five months of imprisonment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In this timely appeal, Hudson's counsel has filed a motion to withdraw his representation and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Hudson has filed a response to the motion in which he requests the appointment of new counsel, and in which he asserts additional issues for the court to review.
 
 
 3
 Upon consideration, we determine that Hudson's argument that the sentencing guidelines and their underlying statutory scheme are impermissibly vague because they do not define cocaine base is without merit. This court has determined that the definition of crack cocaine in the sentencing statute and in the guidelines is not void for vagueness. United States v. Avant, 907 F.2d 623, 626 (6th Cir.1990).
 
 
 4
 Further, Hudson's argument that the cocaine-crack equivalency provisions are unconstitutional due to their disparate impact in sentencing is without merit. This court has held that the equivalency provisions are not unconstitutional. United States v. Reece, 994 F.2d 277, 278-79 (6th Cir.1993) (per curiam); United States v. Williams, 962 F.2d 1218, 1227-28 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992). The cocaine-crack equivalency provisions also are not racially discriminatory. Reece, 994 F.2d at 278-79.
 
 
 5
 Hudson's argument that the district court erred in not granting Hudson a downward departure from his sentence guideline range is not reviewable. Hudson argues that the district court should have departed below the bottom of the guideline range in sentencing him due to the unfairness of the cocaine-crack equivalency provisions of the guidelines. However, he is not arguing that his sentence was imposed in violation of the law or as the result of an incorrect application of the sentencing guidelines. Therefore, this issue is not appealable. See United States v. Dellinger, 986 F.2d 1042, 1043-44 (6th Cir.1993); United States v. Gregory, 932 F.2d 1167, 1168-69 (6th Cir.1991). Further, the record clearly reflects that the district court was aware of its discretion to depart downward in this case.
 
 
 6
 Hudson's argument that the district court improperly calculated his criminal history category is without merit. Hudson argues that the district court improperly included a 1982 DUI misdemeanor conviction in the calculation for his criminal history category. Hudson received a fine and a suspended six month sentence for this conviction. Initially, it is noted that Hudson did not object to the use of this prior offense in determining his sentence in the district court. Therefore, this issue cannot be raised on appeal. United States v. Nagi, 947 F.2d 211, 212-13 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). In such situations, this court reviews only for plain error. United States v. Levy, 904 F.2d 1026, 1030 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991). Nonetheless, the district court properly included the DUI conviction in Hudson's criminal history category. A prior conviction shall still be counted even though the defendant received a suspended sentence for the conviction. See U.S.S.G. Sec. 4A1.2(a)(3). Further, DUI convictions are properly included in a defendant's criminal history category. See U.S.S.G. Sec. 4A1.2, comment. (n. 5).
 
 
 7
 Hudson's argument that his guilty plea was not knowing and voluntary is without merit. Although his argument is somewhat confusing, Hudson appears to argue that he did not know that his prior DUI conviction would count in his criminal history category and that he would still be subject to a minimum mandatory sentence of five years. However, the district court clearly explained the five year mandatory minimum sentence to Hudson at his guilty plea. Further, the court explained the operation of the guidelines and Hudson acknowledged that he understood how the guidelines operated. The district court also explained to Hudson the rights that he was waiving by pleading guilty. Hudson expressed satisfaction with his attorney, acknowledged the factual basis underlying his plea and pleaded guilty. His plea was valid under the totality of the circumstances. Brady v. United States, 397 U.S. 742, 749 (1970).
 
 
 8
 Accordingly, we grant counsel's motion to withdraw, deny Hudson's request for new counsel, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.