19 F.3d 19
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny SMITH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-6361.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1994.
 
 1
 Before: KENNEDY and GUY, Circuit Judges; and FEIKENS, Senior U.S. District Judge.*
 
 ORDER
 
 2
 Johnny Smith, a pro se federal prisoner, appeals a district court order and judgment denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Smith pleaded guilty in January 1990 to possession with intent to distribute cocaine base. He was sentenced to 210 months of imprisonment and four years of supervised release. A panel of this court affirmed Smith's sentence in an unpublished opinion. United States v. Smith, No. 91-5006 (6th Cir. Oct. 17, 1992) (per curiam).
 
 
 4
 In his motion to vacate, Smith presented three grounds for relief: (1) the indictment did not state a federal offense, (2) the trial court lacked jurisdiction to enhance his sentence under the career criminal provisions of U.S.S.G. Sec. 4B1.1, and (3) the term "cocaine base" is unconstitutionally vague and the 100:1 sentencing ratio for crack cocaine versus powder cocaine is arbitrary and discriminatory. The district court summarily denied Smith's motion in an order filed on July 14, 1993. Judgment was entered on July 23, 1993. Smith's motion for reconsideration was denied in an order filed on September 24, 1993.
 
 
 5
 On appeal, Smith continues to argue the merits of his grounds for relief. In addition, he complains that the district court did not hold his pro se pleadings to a less stringent standard as required. He requests oral argument and the appointment of counsel in his brief.
 
 
 6
 Upon consideration, we affirm the district court's judgment because Smith has not shown a fundamental defect in his proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 7
 Initially, although Smith is correct that pro se pleadings are generally held to a less stringent standard, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), they still must present a colorable claim. Each of the arguments raised by Smith has previously been conclusively rejected, as discussed below. Thus, the district court did not err when it summarily denied Smith's motion to vacate. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986); Rule 4, Rules Governing Sec. 2255 Proceedings.
 
 
 8
 Smith's claim that the phrase "any person" as used in the Controlled Substances Act, under which he was indicted and convicted, is ambiguous and must be defined in light of the Food, Drug, and Cosmetic Act is patently baseless. His indictment clearly stated a federal offense.
 
 
 9
 Both of Smith's challenges to his enhanced sentence as a career offender are without merit. First, this court has held that the notice provision of 21 U.S.C. Sec. 851(a)(1) does not apply to sentences imposed under the United States Sentencing Guidelines. See United States v. Brannon, 7 F.3d 516, 521 (6th Cir.1993); United States v. Mans, 999 F.2d 966, 969 (6th Cir.), cert. denied, 114 S.Ct. 567 (1993). Second, the Supreme Court has upheld enhanced penalties for recidivists, including those imposed under the Sentencing Guidelines, against challenges under the Ex Post Facto Clause. See Parke v. Raley, 113 S.Ct. 517, 521-22 (1992).
 
 
 10
 Finally, Smith argues that the provisions setting higher penalties for possessing or distributing cocaine base as opposed to powder cocaine are unconstitutional because they do not define "cocaine base" and because they are arbitrary and discriminatory. Again, both arguments have been authoritatively rejected. See United States v. Reece, 994 F.2d 277, 278-79 (6th Cir.1993) (per curiam) (100:1 ratio is not racially discriminatory); United States v. Williams, 962 F.2d 1218, 1227-28 (6th Cir.) (100:1 ratio does not violate equal protection; nor does lack of definition for cocaine base render statute unconstitutionally vague), cert. denied, 113 S.Ct. 264 (1992); United States v. Pickett, 941 F.2d 411, 418-19 (6th Cir.1991) (100:1 ratio does not violate substantive due process or the Eighth Amendment); United States v. Avant, 907 F.2d 623, 626-27 (6th Cir.1990) (lack of definition of "cocaine base" does not render statute unconstitutionally vague).
 
 
 11
 Accordingly, the requests for oral argument and the appointment of counsel are denied. The district court's judgment, entered on July 23, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation