37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Theron Dewayne MARION, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5180.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1994.
 
 Before: KEITH, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Theron Dewayne Marion, a pro se federal prisoner, appeals a district court order and judgment denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Marion pleaded guilty in July 1991 to one count of possessing with intent to distribute cocaine base and one count of possessing a firearm during and in relation to a drug trafficking offense. In return, a third count charging Marion with being a felon in possession of a firearm was dismissed. He was sentenced on October 24, 1991, to 78 months in prison on count one and 60 months on count two, to be served consecutively, followed by four years of supervised release. Marion did not appeal.
 
 
 3
 In his motion to vacate, Marion raised four grounds for relief: (1) the indictment failed to state a federal offense because it did not allege that he was a licensed person or was aiding a licensed person as defined by the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. Sec. 301 et seq.; (2) the trial court's "enhancement" of his sentence through its computation of his criminal history category violated the Ex Post Facto Clause; (3) the 100:1 sentencing ratio of powder cocaine to crack cocaine unconstitutionally discriminates against African-Americans; and (4) his conviction on count two was the result of an involuntary guilty plea due to his lack of understanding regarding the option of pleading guilty to count three instead of count two. The district court summarily dismissed Marion's motion in an order filed on October 28, 1993.
 
 
 4
 On appeal, Marion continues to argue his grounds for relief. He further contends that the district court abused its discretion by holding his pleadings to the same standard as pleadings drafted by an experienced attorney and by denying his motion without service of process or an evidentiary hearing. Additionally, Marion has filed a motion for leave to proceed without prepayment of fees.
 
 
 5
 Upon review, we affirm the district court's judgment because Marion has not shown a fundamental defect in his proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 6
 Marion's claim that only a person registered or licensed pursuant to the FDCA may be indicted for violating 21 U.S.C. Sec. 841(a)(1) is patently baseless. There is no doubt that he falls within the plain meaning of "any person" as used in the federal drug trafficking statutes and was properly prosecuted.
 
 
 7
 Marion presents two challenges to the calculation of his criminal history category. Both are meritless. The Supreme Court has upheld enhanced penalties for recidivists, including those imposed under the Sentencing Guidelines, against challenges based upon the Ex Post Facto Clause. See Parke v. Raley, 113 S.Ct. 517, 521-22 (1992). Secondly, the notice provision of 21 U.S.C. Sec. 851(a)(1) applies only to statutory enhancement and does not apply to sentences imposed under the Sentencing Guidelines. See United States v. Brannon, 7 F.3d 516, 521 (6th Cir.1993).
 
 
 8
 Next, Marion argues that the guidelines provisions setting higher penalties for possessing or distributing cocaine base as opposed to powder cocaine are unconstitutional because they are arbitrary and discriminatory. Again, this argument has been authoritatively rejected. See United States v. Reece, 994 F.2d 277, 278-79 (6th Cir.1993) (per curiam) (100:1 ratio is not racially discriminatory); United States v. Williams, 962 F.2d 1218, 1227-28 (6th Cir.) (100:1 ratio does not violate equal protection), cert. denied, 113 S.Ct. 264 (1992); United States v. Pickett, 941 F.2d 411, 418-19 (6th Cir.1991) (100:1 ratio does not violate substantive due process or the Eighth Amendment).
 
 
 9
 Marion also challenges the voluntary nature of his guilty plea because he did not consider the option of pleading guilty to counts one and three instead of counts one and two. In addition, he questions whether there was a sufficient factual basis for his conviction on count two. In order for a guilty plea to be valid, it must be entered knowingly, intelligently, and voluntarily. Brady v. United States, 397 U.S. 742, 748 (1970). Voluntariness depends upon a full understanding of the direct consequences of the guilty plea. See Machibroda v. United States, 368 U.S. 487, 493 (1962). In this case, however, Marion does not claim that he did not understand the direct consequences of his guilty plea. Instead, he appears to now believe he might have gotten a better deal by pleading guilty to a different count. This is wholly insufficient to invalidate a plea agreement. See United States v. Spencer, 836 F.2d 236, 239 (6th Cir.1987); United States v. Kranzthor, 614 F.2d 981, 983 (5th Cir.1980).
 
 
 10
 Furthermore, "[a] guilty plea serves as an 'admission of all the elements of a formal criminal charge.' " United States v. Skinner, 25 F.3d 1314, 1316 (6th Cir.1994) (quoting McCarthy v. United States, 394 U.S. 459, 466 (1969)). Consequently, Marion may not now claim that there was no factual basis for his conviction on count two. In any event, an issue challenging the sufficiency of the evidence may only be raised on direct appeal; it is not cognizable in a Sec. 2255 motion. See United States v. Osborn, 415 F.2d 1021, 1024 (6th Cir.1969) (en banc), cert. denied, 396 U.S. 1015 (1970).
 
 
 11
 Finally, although Marion correctly states that pro se pleadings are generally held to a less stringent standard than those drafted by an attorney, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), they still must present a colorable claim. Each of the arguments raised by Marion has been conclusively rejected by prior opinions, as discussed above. For this reason, the district court did not abuse its discretion when it summarily denied Marion's motion to vacate without a hearing. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986); Rule 4, Rules Governing Sec. 2255 Proceedings.
 
 
 12
 Accordingly, the motion for in forma pauperis status is granted for the purpose of this review only. The district court's judgment, entered on November 18, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.