57 F.3d 1070
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Johnny SMITH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-6422.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1995.
 
 1
 Before: MARTIN and SILER, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 Johnny Smith, a pro se federal prisoner, appeals a district court order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Smith pleaded guilty in 1990 to possessing with intent to distribute cocaine base. He was sentenced to 210 months in prison and four years of supervised release. This court affirmed Smith's sentence in an unpublished opinion. United States v. Smith, No. 91-5006, 1991 WL 209473 (6th Cir. Oct. 17, 1991) (per curiam), cert. denied, 502 U.S. 992 (1991). Smith's subsequent motion to vacate his sentence, filed under 28 U.S.C. Sec. 2255, was denied, with the denial affirmed by a panel of this court. Smith v. United States, No. 93-6361, 1994 WL 75922 (6th Cir. March 8, 1994) (order).
 
 
 4
 Shortly thereafter, Smith filed a motion for relief from judgment, citing Rule 60(b)(4) and (6). He asserted that the court's decision denying his Sec. 2255 motion was clearly erroneous in light of United States v. McGlocklin, 8 F.3d 1037 (6th Cir.1993), cert. denied, 114 S.Ct. 1614 (1994), and Amendment 493 to the United States Sentencing Guidelines. Specifically, Smith challenged the use of a state drug conviction to enhance his sentence under the career offender provisions of the sentencing guidelines, USSG Sec. 4B1.1-.2, and the lack of notice under 21 U.S.C. Sec. 851 that the government planned to use his prior convictions to seek enhancement of his federal sentence. The district court denied Smith's motion in an order filed on May 19, 1994. The district court explained that the only ground for relief presented by Smith that merited discussion was that one of the two predicate convictions used to support his sentence as a career offender did not qualify as a "serious drug offense" under 21 U.S.C. Sec. 924(e)(1) at the time of his federal sentencing. The court concluded, however, that this ground for relief was without merit because Smith was not sentenced under that code section.
 
 
 5
 On appeal, Smith continues to argue the merits of his motion and asserts the new ground that his trial counsel was ineffective for not challenging the use of the prior conviction.
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion when it denied Smith relief under Rule 60(b). See Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir.1993); McDowell v. Dynamics Corp. of America, 931 F.2d 380, 383 (6th Cir.1991).
 
 
 7
 In addition, although purporting to seek relief under Rule 60(b), Smith's claims are more accurately characterized as a second attempt to obtain collateral relief under 28 U.S.C. Sec. 2255. In order to obtain relief under Sec. 2255 on the basis of a nonconstitutional error, the movant must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the redimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Smith's motion fails to warrant relief under this standard as well for the reasons stated by the district court.
 
 
 8
 Finally, Smith asserts for the first time on appeal that his counsel was ineffective for failing to challenge his predicate conviction at sentencing. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). There are no exceptional circumstances in this case.
 
 
 9
 Accordingly, the district court's order, entered on May 19, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation