59 F.3d 170
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Freddie D. HOWARD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5128.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1995.
 
 1
 Before: KEITH and BATCHELDER, Circuit Judges, and DUGGAN, District Judge.*
 
 ORDER
 
 2
 Freddie Howard, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence construed to be filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In July 1992, Howard pleaded guilty to possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to 100 months of imprisonment and four years of supervised release. Howard did not appeal his conviction or sentence. Although Howard was allowed to report to prison, he failed to report and was later arrested and confined for failing to report for service of a sentence.
 
 
 4
 In his motion, styled as a writ of habeas corpus under 28 U.S.C. Secs. 2254 and 2255, Howard argued that the court improperly sentenced him under 21 U.S.C. Sec. 841. Upon review, the district court determined that Howard's motion challenging the validity of his sentence was more properly construed as a motion to vacate under 28 U.S.C. Sec. 2255, and dismissed the motion as without merit. Howard has filed a timely appeal, reasserting his same claim.
 
 
 5
 Upon review, we conclude that the district court properly denied Howard's motion. In order to obtain relief on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir. 1994) (applying Brecht to Sec. 2255 motion to vacate).
 
 
 6
 Such review is precluded in this case, however, because Howard is barred from seeking relief on this claim. This claim could have been raised but was not raised on direct appeal. Under these circumstances, in order to obtain review, Howard must demonstrate cause and prejudice to excuse his failure to raise this claim on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). It is clear that Howard can show no prejudice as his claim is without merit for the following reasons.
 
 
 7
 The 100 to 1 ratio of cocaine to cocaine base (crack) enunciated in 21 U.S.C. Sec. 841(a)(1) is not racially discriminatory, see United States v. Reece, 994 F.2d 277, 278-79 (6th Cir. 1993) (per curiam), nor does it violate the Equal Protection Clause. United States v. Williams, 962 F.2d 1218, 1227-28 (6th Cir.), cert. denied, 113 S. Ct. 264 (1992). Further, the 100 to 1 ratio does not violate substantive due process or the Eighth Amendment. Williams, 962 F.2d at 1227; United States v. Pickett, 941 F.2d 411, 418-19 (6th Cir. 1991). Finally, the lack of definition for "cocaine base" does not render the statute unconstitutionally vague. Williams, 962 F.2d at 1227-28; United States v. Avant, 907 F.2d 623, 626-27 (6th Cir. 1990).
 
 
 8
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation