89 F.3d 837
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan WINSTON, Defendant-Appellant.
 No. 95-5667.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1996.
 
 Before: NELSON and SILER, Circuit Judges; WISEMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Juan Winston, appeals his sentence pursuant to his conviction for conspiracy to possess cocaine base with intent to distribute, in violation of 21 U.S.C. § 846, and aiding and abetting the possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Winston contends that the failure of the original presiding judge to conduct the resentencing hearing prejudiced his interests and that his sentence for trafficking in crack cocaine was inconsistent with the applicable statute and the Commission's Congressional mandate. For the reasons stated herein, we affirm Winston's sentence.
 
 I.
 
 2
 Winston appealed his conviction and sentence and this court affirmed his conviction, but found that the sentencing court had improperly sentenced Winston to life as a career offender and the case was remanded for resentencing. United States v. Winston, 37 F.3d 235, 238-40 (6th Cir.1994).
 
 
 3
 The original trial and sentencing was presided over by the Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation. Upon remand, Winston requested that Judge Quist also preside over the resentencing. This request was denied. Instead, Chief District Judge Julia Gibbons presided. Winston claims that the failure of Judge Quist to conduct the resentencing hearing prejudiced his interests. This claim is reviewed for an abuse of discretion. United States v. Bourgeois, 950 F.2d 980, 987-88 (5th Cir.1992).
 
 
 4
 Federal Rule of Criminal Procedure 25(b) states that "[i]f by reason of absence, death, sickness or other disability the judge before whom the defendant has been tried is unable to perform the duties to be performed by the court after a verdict or finding of guilt, any other judge regularly sitting in or assigned to the court may perform those duties." In United States v. McCallie, 554 F.2d 770 (6th Cir.1977), a district judge from Columbus, Ohio sat by designation in Chattanooga, Tennessee for a sick district judge and conducted a trial. The sick judge recovered and sentenced McCallie after the presiding judge returned to Columbus. McCallie argued on appeal that his interests were prejudiced. This court rejected McCallie's argument and found no prejudice.
 
 
 5
 Our decision in McCallie controls as there is nothing sufficiently different nor unique which distinguishes this case. Further, as Winston received the minimum sentence of 360 months under the guidelines, it is difficult to see how he would have been better served by a sentence rendered by Judge Quist. Thus, there was no prejudice.
 
 II.
 
 6
 The United States Sentencing Commission issued a report to Congress discussing the different penalties for various forms of cocaine.[1] In this report, the Commission concluded that it could not recommend the 100-to-1 ratio.[2] Winston's principal argument is that the Commission's Report constitutes an admission that the guidelines are in error as to the ratio. While this is a novel argument, it is without merit.
 
 
 7
 On May 1, 1995, the Sentencing Commission submitted amendments to the guidelines. These proposed amendments would become part of the overall guidelines, and thus would be binding, unless Congress affirmatively acted to modify or disapprove of the Commission's changes. See 28 U.S.C. § 994(p). On October 10, 1995, however, Congress enacted legislation "to disapprove of amendments to the Federal Sentencing Guidelines relating to lowering crack sentences." Pub.L. No. 104-38, 109 Stat. 334. Congress specifically chose to set higher penalties for crack related offenses: "the sentence imposed for trafficking in a quantity of crack cocaine should generally exceed the sentence imposed for trafficking in a like quantity of powder cocaine." Id. Consequently, in light of this legislation, Winston's argument fails.[3]
 
 
 8
 As we have found that Congress specifically rejected the Commission's suggestion, we need not address Winston's remaining claims.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 United States Sentencing Commission, Special Report to the Congress: Cocaine and Federal Sentencing (1995)
 
 
 [2]
 Under the guidelines, one gram of crack cocaine is equal to one hundred grams of powder cocaine for sentencing purposes
 
 
 [3]
 This court has rejected several constitutional challenges to the ratio. See United States v. Reece, 994 F.2d 277 (6th Cir.1993) (per curiam); United States v. Tinker, 985 F.2d 241 (6th Cir.1992) (per curiam), cert. denied, 507 U.S. 1040 (1993); United States v. Williams, 962 F.2d 1218 (6th Cir.), cert. denied, 506 U.S. 892 (1992); United States v. Avant, 907 F.2d 623 (6th Cir.1990)