**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 07a0612n.06**
**Filed: August 22, 2007**

**No. 06-4017**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Southern |
| RICHARD NEWLAND, | ) | District of Ohio |
| | ) | |
| Defendant-Appellant. | | |

**Before:** **BOGGS, Chief Judge; CLAY and ROGERS, Circuit Judges.**

**BOGGS, Chief Judge.** Richard Newland was charged with possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), possession of one or more firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). The district court found him guilty on all three charges after a bench trial. Newland appeals his convictions on the latter two charges, on the ground that there was insufficient evidence presented to support them. For the following reasons, we affirm the judgment of the district court.

**I**

On September 3, 2004, Officer Vass of the Columbus Police went to Newland's restaurant,

the R & N Barbeque, to do a "business check": visiting the business and discussing security with the owner. During his conversation with Newland, Officer Vass asked if Newland had a problem with vehicles being left in his parking lot, and pointed to a green Ford Taurus parked in front as an example. Newland responded that the Taurus belonged to him.

After the business check, and following further investigation, Vass discovered that Newland's driver's license had been suspended. A week later, around 11 p.m., Vass was patrolling the area near Newland's restaurant and saw Newland leaving the restaurant with "some type of bag or package in his arms." Vass noticed Newland's Taurus sitting in the parking lot with the trunk open. Vass then observed Newland go to the trunk, shut the trunk, get into the driver's seat without the bag, and drive out of the parking lot.

Knowing Newland's license had been suspended, Vass asked two other officers to initiate a traffic stop. Officers Pappas and Weir pulled Newland over and requested his driver's license. Newland searched for his license, could not find it, and instead provided a Social Security card. While Newland was searching for his license, Pappas observed the vehicle for anything illegal, dangerous, or suspicious. A blue duffel bag placed between Newland and the front-seat passenger caught his attention. Officer Pappas ran a check on Newland's social security number and confirmed that Newland's license was indeed suspended. Pappas then requested that Newland step out of the vehicle. Instead, Newland began to drive away. After a brief car chase, Newland jumped out of his car and ran. Officer Pappas chased him on foot while Officer Weir stayed with the car and its three passengers: an adult woman seated in the front passenger's seat and two minor children of unknown age and gender seated in the rear.

Once Newland was caught, Pappas escorted him back to the vehicle and assisted in taking an inventory of the car's contents. Pappas noticed that the blue duffel bag was missing, and recalled only one moment during the chase when Newland had not been in his sight; this was during the car chase, when Newland made a right turn at the corner of Joyce Street and Aberdeen Street. Police went back to that corner and found the blue duffel bag there. According to the uncontested finding of the district court, the bag was found in a front yard of a house, to the driver's side of a car on Newland's route fleeing police.

The blue duffel bag contained two loaded guns: a .50-caliber Desert Eagle and an Intertec TEC-9 with a 30-round clip. During the trial, Officer Vass testified that a Desert Eagle is not often seen in the drug trade as it is expensive and unwieldy. Vass testified that a TEC-9 *is* often seen in the drug trade, and rarely seen used for business or home defense. Vass also testified that other business owners in the area with whom he had talked maintained firearms at their businesses for the purpose of defense.

In the glove compartment of the car, the police found two small baggies of marijuana, in amounts consistent with either personal use or street level sales. Above the driver's side visor, Officer Weir found an envelope containing cash and checks totaling $6,147. In the trunk of the car, the police found a blue backpack containing a large amount of marijuana, Newland's suspended driver's license, and a digital scale. The trunk also held a black canvas bag containing two bags of marijuana, rubber bands, and razor blades. The total amount of marijuana found in the car was 1227.3 grams.

**II**

On May 8, 2006, the United States District Court for the Southern District of Ohio conducted a bench trial and, after overruling a motion for acquittal, found Newland guilty of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count One), possession of one or more firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two) and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a) (Count Three).

**III**

On appeal, Newland argues that there was insufficient evidence to support his convictions on Counts Two and Three. "A defendant claiming 'insufficiency of the evidence bears a very heavy burden.'" *United States v. Wright*, 16 F.3d 1429, 1439 (6th Cir. 1994) (quoting *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir. 1986)). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

"[O]ur court on appeal will reverse a judgment for insufficiency of evidence only if this judgment is not supported by substantial and competent evidence upon the record as a whole, and . . . this rule applies whether the evidence is direct or wholly circumstantial." *United States v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984). Further, it is "the majority view that circumstantial evidence alone can sustain a guilty verdict and that to do so, circumstantial evidence need *not* remove every reasonable hypothesis except that of guilt." *Id*. at 362. "We are bound to make all reasonable inferences and credibility choices in support of the . . . verdict." *United States v. Hughes*, 895 F.2d

1135, 1140 (6th Cir. 1990).

**IV**

**1. Count Three - Possession of a Firearm by a Convicted Felon**

At trial, Newland stipulated to being convicted of a predicate offense and to the movement of the firearms in interstate commerce. The only question was whether Newland possessed the firearms found in the blue duffel bag. *See United States v. Moreno*, 933 F.2d 362, 372 n.1 (6th Cir. 1991).

Possession can be either actual or constructive. "Evidence of constructive possession suffices to satisfy the requirement under § 922(g)(1) of proof that a defendant possessed a firearm, and constructive possession, in turn, exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *United States v. Newsom*, 452 F.3d 593, 608 (6th Cir. 2006) (quoting *United States v. Hadley*, 431 F.3d 484, 507 (6th Cir. 2005)). Constructive possession may be proven by either direct or circumstantial evidence. *Id.* at 609.

In this case, there is sufficient evidence for a rational trier of fact to find constructive possession beyond a reasonable doubt. First, Newland was seen by officers sitting directly next to the blue duffel bag containing the two firearms. While proximity alone is not enough to sustain a conviction, it "can certainly be a factor to be considered by the reviewing court." *Id.* at 610. Further, "[a]lthough 'mere proximity' to a gun is insufficient to establish constructive possession, evidence of some other factor – including connection with a gun, proof of motive, a gesture implying control, *evasive conduct*, or a statement indicating involvement in an enterprise – coupled with proximity

may suffice." *United States v. Alexander*, 331 F.3d 116, 127 (D.C. Cir. 2003) (emphasis added).

Here, the district court coupled Newland's proximity with a discussion of Newland's motive to possess the guns (protection of himself, his money, and his drugs), a gesture implying control (throwing the bag out of the moving car), evasive conduct (fleeing the police in the car, and then being the only person in the car to flee on foot), and connection with a gun (of the passengers in the car, only Newland would be large enough to handle a Desert Eagle).

Newland argues that one prong of that reasoning, that he threw the bag out of the moving car, is an unreasonable inference. The bag, however, was found in a yard to the driver's side of the car's route, Newland was a convicted felon prohibited from possessing firearms, Newland made the decision to flee the police, the bag was somewhat heavy, and it was found in the grass of a front yard a sidewalk's length away from the street. Based on this, it is reasonable to infer that Newland threw the bag from the car, and when reviewing for sufficiency of the evidence, we draw all reasonable inferences in favor of the government.

Weighing all of the evidence in the light most favorable to the prosecution, the district court had sufficient evidence to find that Newland "knowingly ha[d] the power and the intention at a given time to exercise dominion and control over [the guns]." *Newsom*, 452 F.3d at 610. Therefore, we affirm the district court's judgment on Count Three.

### 2. Count Two – Possession of a Firearm in Furtherance of a Drug Trafficking Offense

18 U.S.C. § 924(c) provides that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence

or drug trafficking crime . . . (i) be sentenced to a term of imprisonment of not less than 5 years." As we concluded above that there is sufficient evidence to finding a conclusion that Newland possessed the firearms, the only question remaining is whether there is sufficient evidence to support a conclusion that Newland's possession of those firearms was in furtherance of a drug trafficking offense.

In order for possession to be in furtherance of a drug crime, "the firearm must be strategically located so that it is quickly and easily available for use." *United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001). Other factors that may be relevant are "whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found." *Ibid.* (citing *United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000)). In *Mackey*, the defendant and the gun were found in the living room of a crack house, with the gun "easily accessible to the defendant and located near . . . scales and razor blades. [The] [d]efendant, stopped by police near the gun, possessed cocaine and a large sum of cash." *Ibid.* This was held to be sufficient evidence to support a Section 924(c) conviction.

In the instant case, Newland was seen by police seated next to the bag that contained two loaded firearms. Newland was a convicted felon who was not permitted to possess a firearm. Newland was in a car with a large amount of money and a large amount of drugs. Further, the officers testified that the Desert Eagle and the TEC-9 were not often used for personal defense, and that the TEC-9 in particular, especially with the 30-round clip, was common in the drug trade. In reviewing for sufficiency of the evidence, we only ask whether any rational trier of fact could have

found that Newland possessed the firearms in furtherance of a drug trafficking offense. As it was

in *Mackey*, that standard is met here.

**V**

For the reasons set out above, we AFFIRM the district court's judgment of conviction on the

counts appealed.