NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0471n.06
Filed: August 6, 2008

No. 06-1737

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| | ) | |
| THOMAS BEARD, | ) | O P I N I O N |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

BEFORE:  MARTIN and NORRIS, Circuit Judges, and STAMP, Senior District Judge.*

FREDERICK P. STAMP, JR., Senior District Judge.   Thomas Beard was charged in a Fourth Superseding Indictment on various counts relating to his involvement in a conspiracy to distribute heroin and cocaine in Lansing, Michigan.  Mr. Beard pleaded not guilty and proceeded to a jury trial.  Following presentation of the government's case and again at the close of all evidence, counsel for Thomas Beard moved for a judgment of acquittal on Count 1, conspiracy to possess and/or distribute heroin, and Count 2, possession with intent to distribute heroin.  The motion was ultimately granted as to Count 1, but denied as to Count 2.  Thereafter, the jury returned a guilty verdict on numerous counts, including Count 2.  At sentencing, Thomas Beard received a within-guideline sentence.   Mr. Beard now challenges on appeal the denial of his motion for judgment of acquittal as to Count 2 and the reasonableness of his sentence.  For the reasons that follow, we

1

AFFIRM the judgment of the district court, but remand for application of Amendment 706 to the United States Sentencing Guidelines to the defendant's sentence.

We first consider Mr. Beard's contention that the evidence presented at trial was insufficient to establish that he had either actual or constructive possession of the heroin as charged in Count 2 of the Fourth Superseding Indictment. This Court reviews the sufficiency of the evidence produced at trial in a light most favorable to the government and finds it lacking only if "'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *United States v. Winston*, 37 F.3d 235, 238 (6th Cir. 1994) (citing *Jackson v. Virginia*, 443 U.S. 307, 324 (1979)).

In this case, there is sufficient evidence for a rational trier of fact to find constructive possession beyond a reasonable doubt. Constructive possession is established by a showing that a person "knowingly has the power and the intention at a given time to exercise dominion and control over an object." *United States v. Newsom*, 452 F.3d 593, 608 (6th Cir. 2006)(citations omitted). At trial, officer testimony was received that on June 28, 2000, Mr. Beard was riding in the passenger seat of a car that was involved in a chase with the Lansing Police. When the car was eventually stopped, twelve packets of heroin were found on the passenger seat and the passenger floor area. Additionally, officers observed several "bindles" of heroin stuck to the wet exterior of both sides of the car, consistent with both the passenger and the driver throwing them from the moving vehicle. Although Mr. Beard is correct that "mere proximity" to contraband is insufficient to establish constructive possession, evidence of some other factor "'including. . . a gesture implying control . . . coupled with proximity may suffice.'" *United States v. Newland*, 243 Fed. Appx. 151, *3 (6th Cir.

2

August 22, 2007) (citing *United States v. Alexander*, 331 F.3d 116, 127 (D.C. Cir. 2003)). Here, the evidence of Mr. Beard's close proximity to the drugs, coupled with the evidence of his attempt to dispose of the drugs (a gesture implying control), when viewed in a light most favorable to the prosecution, is sufficient to show that the jury's verdict as to Count 2 was supported by substantial and competent evidence. Thus, Mr. Beard has failed to meet his "very heavy burden," *United States v. Tocco*, 200 F.3d 410, 424 (6th Cir. 2000), in challenging the sufficiency of the evidence to sustain his conviction.

Next, we consider the reasonableness of Thomas Beard's sentence. Mr. Beard argues that his sentence is unreasonable because the 100:1 guideline sentence disparity for crack cocaine offenses and powder cocaine offenses is unconstitutional. Because it does not appear that Mr. Beard raised this issue at the sentencing hearing, this Court, pursuant to Federal Rule of Criminal Procedure Rule 52(b), reviews for plain error. Fed. R. Crim. P. 52(b)("a plain error that affects substantial rights may be considered even though it was not brought to the court's attention"). "To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) the error was plain, *i.e.,* obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Abboud,* 438 F.3d 554, 583 (6th Cir.2006) (citations omitted).

In this case, no plain error occurred at the district level because the law is well settled in this Circuit that the 100:1 ratio withstands constitutional scrutiny. *See e.g., United States v. Bingham,* 81 F.3d 617, 630-31 (6th Cir.1996); *United States v. Hill,* 79 F.3d 1477, 1488-89 (6th Cir.1996);

3

*United States v. Reece,* 994 F.2d 277, 278-79 (6th Cir.1993); *United States v. Tinker,* 985 F.2d 241, 242 (6th Cir.1992); *United States v. Williams,* 962 F.2d 1218, 1227 (6th Cir.1992); *United States v. Pickett,* 941 F.2d 411, 418-19 (6th Cir.1991). Although Mr. Beard argues that this Court should change its position regarding the constitutionality of the crack/powder sentencing disparity that is present in the United States Sentencing Guidelines, it is inappropriate to reverse course on a plain error review.

For the foregoing reasons, we AFFIRM the judgment and the sentence imposed by the district court. Nonetheless, we REMAND this case to the district court for consideration of the applicability of Amendment 706 to the United States Sentencing Guidelines, which became effective on November 1, 2007, subsequent to the imposition of the defendant's sentence and to the notice of appeal in this case. Amendment 706 decreases by two levels the base offense levels for crack cocaine offenses, *see U.S. Sentencing Guidelines Manual* § 2D1.1 (2007), and has been made retroactive beginning March 3, 2008. *See* U.S.S.G. § 1B1.10(c)(May 1, 2008). Accordingly, remand is necessary for the district court to consider in the first instance whether a modification of Thomas Beard's sentence is warranted pursuant to 18 U.S.C. § 3582(c)(2).