**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0251n.06

No. 08-5976

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Apr 23, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| Plaintiff -Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| JOHN WESLEY MCKINNEY, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  BATCHELDER, Chief Judge, WHITE, Circuit Judge, and GREER[*], District Judge.

**HELENE N. WHITE, Circuit Judge.**  John Wesley McKinney ("McKinney") pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and was sentenced to 24 months of imprisonment, and 24 months' supervised release.  McKinney appeals *pro se* on unclear grounds.  We **AFFIRM**.

**I.**

McKinney was born Eldridge Roderick McKinney, but changed his legal name to John Wesley Hardin McKinney on December 30, 1971.  In 1995, McKinney was convicted in the Eastern District of Arkansas of making threats against a U.S. Congresswoman, and was sentenced to eighteen months of incarceration, one year of supervised release, and a $1200 fine.  In August of

---

[*]The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

2007, a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives received information that McKinney possessed a firearm, and had shot a deer on his property without obtaining a hunter's license. On August 31, 2007, law enforcement officers executed a search warrant at McKinney's home and found a rifle, a handgun, 3,163 rounds of ammunition, and a suspected hand grenade.

A grand jury indicted McKinney on September 17, 2007, charging him with one count of being a felon in possession of a firearm, and a summons was issued and served on "John Wesley McKinney." At some point before his initial appearance, McKinney retained counsel who represented him throughout the district court proceedings. At his initial appearance, McKinney signed his name, "John Wesley McKinney," on an order setting the conditions of his release. A superseding indictment was issued on February 19, 2008, adding a count charging felon in possession of ammunition. McKinney pled guilty to Count 1 of the superseding indictment, and the district court granted the Government's motion to dismiss Count 2. A probation officer prepared a Presentence Investigation Report, which identified McKinney by date of birth, age, race, sex, social security number, address, aliases, and true name. It also described the facts surrounding McKinney's prior conviction in Arkansas, and the sentencing offense, and calculated his suggested Guidelines sentence range.

Pursuant to Local Criminal Rule 32.1(d) of the United States District Court for the Western District of Tennessee, McKinney, through his attorney, filed a document titled "Position of Parties With Respect to Sentencing Factors" that stated he had "no objections to the pre-sentence

investigation report." The district court sentenced McKinney on August 6, 2008 to a below-Guidelines sentence of 24 months' incarceration and 24 months of supervised release. McKinney timely appealed.

On March 24, 2009, McKinney's counsel filed a motion to withdraw pursuant to Sixth Circuit Rule 101(f), because McKinney was no longer communicating with her. The Clerk of this Court granted the motion on March 25, 2009, and granted McKinney thirty days to obtain new counsel and file his appellate brief, or to file his appellate brief *pro se.* McKinney filed his brief *pro se* approximately two weeks later, on April 6, 2009.

McKinney's argument on appeal, which he presents through a "Pro Se Appellant's Brief" form, is difficult to ascertain. He did not respond to questions one and two of the form, which ask, respectively, whether he claims the district court committed errors of fact or law. Question three of the form asks: "Do you feel that there are any others [*sic*] reasons why the District Court's judgment was wrong?" McKinney responded "Yes," explaining: "I AM NOT JOHN W. MCKINNEY (NOM deguerre [*sic*]) FRAUD. I AM FLESH AND BLOOD MAN OF GOD. John-Wesley; McKinney." He made no response to question four, which asked: "What specific issues do you wish to raise on appeal?" In response to question five, the final question of the form, which inquired "What action do you want the Court of Appeals to take in this case?," McKinney responded "IMMEDIATE RELEASE." He signed the form "John-Wesley; McKinney" and above his name wrote "UCC-1-207."

**II.**

We do not require a *pro se* party to meet the same standards in the presentation of his argument as we apply to attorneys. *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam) (pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers"); *see also Franklin v. Rose,* 765 F.2d 82, 85 (6th Cir. 1985) ("The allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction," and "[t]he appropriate liberal construction requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief" (internal quotations omitted)). Nevertheless, a defendant proceeding *pro se* is not relieved from presenting a colorable claim. *Marion v. United States,* 37 F.3d 1499, at *2 (6th Cir. 1994) (unpublished table decision).

Although McKinney did not raise any of the claims he brings here in the district court, a review of the sentencing transcript reveals that the district court did not explicitly ask for objections at the conclusion of the sentencing hearing, and therefore our review is for reasonableness. *United States v. Simmons*, 587 F.3d 348, 353-58 (6th Cir. 2009). A reasonableness review is the same as a review for abuse of discretion. *United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007).

Our analysis begins with the principle that "[a] guilty plea serves as an 'admission of all the elements of a formal criminal charge.'" *United States v. Skinner,* 25 F.3d 1314, 1316 (6th Cir. 1994) (quoting *McCarthy v. United States,* 394 U.S. 459, 466 (1969)). We are satisfied, therefore, that McKinney is, in fact, guilty of being a felon in possession of a firearm. We are further satisfied that by pleading guilty, McKinney acknowledged that he is, in fact, the "John Wesley McKinney" who

was indicted on that charge, despite his protestations in his brief to this Court and the additional punctuation he currently adds to his signature.

Further supporting the conclusion that McKinney is "John Wesley McKinney" is that in documents McKinney submitted to the district court while still represented by counsel he was referred to as "John Wesley McKinney," and he signed his name "John-Wesley McKinney" on at least one of them. Also, during both the change-of-plea hearing and the sentencing hearing, McKinney was identified to the court as "John Wesley McKinney," and the district court engaged him directly in a plea colloquy and at sentencing.

As to McKinney's inclusion of the word "FRAUD" in his brief, a review of the record reveals no apparent fraud of any sort, and without further information it is impossible to discern the basis of McKinney's argument. We therefore find this claim meritless.

Finally, McKinney writes "UCC-1-207" over his name. Section 1-207 of the Uniform Commercial Code reads:

> A party who, with explicit reservation of rights, performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice", "under protest" or the like are sufficient.

As the Government notes, a search of federal case law reveals that this code section has been invoked by some misguided defendants in tax-evasion cases, albeit with uniform failure. *See, e.g., United States v. Simkanin,* 420 F.3d 397, 400 (5th Cir. 2005) (defendant charged with failing to pay employment taxes subscribed to view that government had no right to collect taxes and wrote "UCC

1-207" on his tax returns "apparently in an attempt to indicate that the returns were filed under protest"); *United States v. Neujahr,* 173 F.3d 853, at \*10 n.3 (4th Cir. 1999) (unpublished table decision) (defendant charged with evading income taxes signed his name with notation "UCC 1-207 discharged without prejudice"); *United States v. Clark,* 139 F.3d 485, 488 (5th Cir. 1998) (defendants charged with conspiring to defraud the government instructed others to write "Without prejudice, UCC 1-207" next to their signatures on tax forms); *see also United States v. McVeigh,* 940 F. Supp. 1541, 1553 (D. Colo. 1996) ("without prejudice UCC 1-207" written next to signature on consent to search form). We can discern no plausible claim premised on this section of the Uniform Commercial Code in this criminal case.

Because we find no error under any standard of review, we AFFIRM the district court.